UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: } | |
| } | Case Number: 16-12007-R |
| SHAVER, Rita Faye } | Chapter 13 |
| SSN: xxx-xx-7280 } | |
| } | |
| Debtor } | |
| } | |

**OBJECTION TO MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OF 11 U.S.C. § 362(a)**

COMES NOW, the Debtor and hereby objects to the Motion of Reverse Mortgage Solutions, Inc., (hereinafter "Reverse Mortgage") for Relief from the Automatic Stay of 11 U.S.C. § 362(a) (the "Motion for Relief"). In support hereof the Debtor states as follows:

1. Reverse Mortgage appears to allege that upon the filing and service of a Motion to Confirm Sale and Notice of Hearing in a foreclosure case that the Debtor's rights in the property terminated. Such a contention is contrary to Oklahoma law.

   "According to our statutory law, "[e]very person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed." The redemptive right is not extinguished at the time of sale but rather when the order of sale is confirmed.

   "Generally, the equitable right of redemption belongs to one who has an interest in the premises that would be lost on foreclosure or to one who owns the mortgagor's equity of redemption or any subsisting interest therein by privity of title acquired by purchase, inheritance or otherwise. A borrower or any other person (i.e., subordinate lender, owner) having an interest subject to a lien has a right of redemption that is not extinguished at the time of sale but extends until the order of sale is confirmed. This is so because by statute a judicial sale on foreclosure is neither conclusive nor binding in the sense of transferring legal title to the purchaser until it is effectively confirmed. We acknowledge that there are early post-statehood cases which seem to hold to the contrary. Insofar as these authorities are in discord with today's pronouncement, they are to be viewed as overruled by our more recent decisions."

   (Citations omitted). *Sooner Federal Sav. And Loan Ass'n v. Oklahoma Cent. Credit Union*, 1989 OK 170, 790 P.2d 526 (Okla. 1989).

2. The foreclosure Sheriff's Sale of the Debtor's property has not been confirmed.  Contrary to movant's suggestion, the Debtor retains ownership of the property under Oklahoma law.

3. The property constitutes the Debtor's residence and is therefore necessary to a successful reorganization.

4. According to the proof of claim filed by Reverse Mortgage on March 6, 2017, at Claim 12, the arrearage due on the mortgage loan is $6,926.78.  The Chapter 13 Plan provides for payment in full of the arrearage.

5. Under the terms of the fixed Rate Note (the "Note") attached to the proof of claim, the principal balance of the Note is due and payable on or before April 5, 2093, and all "accrued interest shall be added to the principal balance as a Loan Advance at the end of each month."  No monthly mortgage payments are due under the Note.

6. Reverse Mortgage was fully aware of the value of the property at the time it acquired the Note and cannot now allege a lack of equity constitutes cause for relief from the automatic stay.

WHEREFORE, for the reasons stated above, the Debtor respectfully requests that the Motion for Relief of Reverse Mortgage be denied.

*/s/ Greggory T. Colpitts*                                           October 20, 2017
Greggory T. Colpitts, OBA No.: 14381                       Date
**The Colpitts Law Firm**
6506 South Lewis, Suite 175
Tulsa, OK  74136-1079
918-747-9747
greg@colpittslawfirm.us
Attorney for Debtor(s)